UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-26-JLS-DFMx                                      Date: April 21, 2017
Title:  Jim Reider v. Electrolux Home Care Products, Inc.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                               N/A
Deputy Clerk                                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 10)**

     This action arises out of Plaintiff Reider's purchase of a vacuum cleaner bag on the Electrolux website.  (First Amended Complaint, ¶ 32, Doc. 9.)  After clicking the appropriate buttons to purchase the bag for $1.99 and have it shipped to him for the disclosed charge of $7.99, Reider argues that the transaction was unfair in that paying $7.99 for shipping was too much.  (*See id.* ¶¶ 32–33.)  He asserts that a direct marketing trade organization has published ethical guidelines stating that shipping and handling should be consistent with actual costs.  (*Id.* ¶¶ 15, 20.)  He claims that Electrolux is instead making a profit on its shipping charges, (*id.* ¶ 34), and, through this lawsuit, seeks compensatory damages, including a full refund of the amount of shipping and delivery charges paid in excess of Electrolux's actual costs of shipping and delivery; restitution; injunctive relief barring Electrolux from continuing to charge shipping and handling fees in excess of its actual costs of shipping and handling; and reasonable attorneys' fees and costs, (*id.* at Prayer for Relief ¶¶ 2–5.)  Because Reider has fails to state a colorable claim, the Court dismisses the First Amended Complaint.

**I.       BACKGROUND**

     On or about December 15, 2016, Reider purchased a filter from Electrolux via its website, www.eureka.com, for $1.99 and was charged $7.99 for shipping and handling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-26-JLS-DFMx                              Date: April 21, 2017
Title:  Jim Reider v. Electrolux Home Care Products, Inc.

(*Id.* ¶ 32.)  Reider alleges that the shipping and handling charge greatly exceeded, and had no reasonable relationship to, Electrolux's actual costs for shipping and delivery.  (*Id.* ¶¶ 32–33.)  Reider alleges that, not only did he overpay for shipping and handling, but Electrolux charged him an additional $0.61 in sales tax based on the excess shipping and handling charge.  (*Id.* ¶ 34.)

Customers on Electrolux's website are given three choices for shipping: (1) Ground Service at $7.99; (2) Second Day Air Service at $15.00; and (3) Next Day Air Service at $25.00.  (*Id.* ¶ 11.)  Reider alleges that none of these charges bear a reasonable relationship to Electrolux's actual costs for delivery.  (*Id.* ¶ 12.)  Rather, Plaintiff claims that Electrolux's shipping and handling charges function as a profit center for Electrolux.  (*Id.* ¶ 27.)  Reider also alleges that Electrolux did not obtain a fulfillment cost study with the assistance of an impartial outside expert prior to charging him the $7.99 shipping and handling fee.  (*Id.* ¶ 25.)

Based on the above, Reider filed a class action complaint on January 8, 2017.  (Compl., Doc. 1.)  On January 25, 2017, Reider filed an amended complaint.  (FAC, Doc. 9.)  The FAC asserts two claims: (1) unfair business practices in violation of California's Unfair Competition Law ("UCL"); and (2) violation of California's Consumers Legal Remedies Act ("CLRA").  (*Id.* ¶¶ 45–65.)

Electrolux now moves to dismiss Reider's FAC.

## II.   LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-26-JLS-DFMx  Date: April 21, 2017
Title: Jim Reider v. Electrolux Home Care Products, Inc.

facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Because the Court assumes the truth of the FAC allegations for the purpose of this motion, we take at face value the assertion, disputed by Electrolux, that a $7.99 charge for handling and shipping results in a profit to Electrolux.

## III. DISCUSSION

### A. UCL Claim

Reider claims that Electrolux's shipping and handling fees violate the unfair prong of the UCL because it is unethical and violates established public policy. (FAC ¶ 47.) The UCL outlaws "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The statute is written in the disjunctive and establishes three varieties of unfair competition, one of which is "unfair" business acts or practices. *Cel-Tech Commc'ns v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Violations of the UCL are evaluated from the "reasonable consumer" perspective. *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). California courts have not yet determined how to define "unfair" business practices in the consumer context. *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007). In reviewing the different tests for determining unfair business practices, the Ninth Circuit narrowed the number of valid tests to two: whether there is a violation of a "legislatively declared"

3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-26-JLS-DFMx                              Date: April 21, 2017
Title:  Jim Reider v. Electrolux Home Care Products, Inc.

policy as set forth in *Cel-Tech*,[1] or the balancing test set forth in *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861 (1999). *See Lozano*, 504 F.3d at 736. The Ninth Circuit did not decide between these two tests, noting that they are "not mutually exclusive." *Id.* Because Reider fails to satisfy either test, the Court need not choose between the two tests here.

In asserting that there is a public policy that direct marketers charge shipping and handling fees that are reasonably based on the marketers' shipping and handling costs, Reider relies on guidelines of the Direct Marketing Association[2] ("DMA") and a FTC consent order, *In the Matter of Bill Crouch Foreign, Inc. d/b/a Bill Crouch Imports, Inc. (Formerly Mazda of Boulder, Inc.)*, 96 F.T.C. 111, 1980 WL 339028 (Jul. 31, 1980). (FAC ¶¶ 15–24, 26, 47.) Neither is "legislatively declared" policy, so we turn to the balancing test.

The *South Bay* balancing test requires "an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer." 72 Cal. App. 4th at 886 (citations and internal quotation marks omitted). "In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id.* (citations and internal quotation marks omitted). "Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact that requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer." *Linear Tech. Corp v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–35 (2007) (citations omitted). However, unfair business practice complaints may be dismissed without leave to amend if the complaints fail to allege any

---

[1] The Court in *Cel-Tech* established this test for unfair competition claims between competitors. 20 Cal. 4th at 187. It expressly left the question open as to claims of unfair business practices in the consumer context. *Id.* at 187 n.12.

[2] The DMA is an industry association of companies that market directly to consumers. (FAC ¶ 14.) It publishes ethical guidelines that are intended to provide direct marketers with generally accepted principles of conduct. (*Id.* ¶ 16.) One of these principles is that shipping and handling charges should bear a reasonable relationship to the actual costs of shipping and handling. (*Id.* ¶ 20.) The DMA also provides guidance on how direct marketers can satisfy these principles. (*Id.* ¶¶ 23–24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-26-JLS-DFMx            Date: April 21, 2017
Title: Jim Reider v. Electrolux Home Care Products, Inc.

plausible harm to the plaintiffs. *See Searle v. Wyndham Int'l, Inc.*, 102 Cal. App. 4th 1327, 1330 (2002).

In *Searle*, a California Court of Appeal upheld dismissal of a complaint that alleged that a mandatory 17% service charge to hotel guests was unfair because the service charge was paid to servers and this constituted a compulsory gratuity that also had the effect of tricking guests into over-tipping their servers. *See id.* at 1334. The court found that "[n]either logic nor the customs and usages associated with tipping support[ed] such a conclusion." *Id.* The court noted that guests are aware of the many ways in which hotels generate revenue, that the plaintiffs were made aware of the hefty charges for room service, were free to decline such service, and were also free to adjust any tips accordingly should they accept such service. *Id.* at 1334–35.

Like the plaintiffs in *Searle*, Reider fails to allege any plausible harm. Electrolux's shipping and handling charges are analogous to the service charge in *Searle*. Visitors to Electrolux's website are presented with the shipping and handling charges they will have to pay should they choose to purchase a product through the website. (FAC ¶ 11.) Should they find these charges too high, they are free to make their purchases elsewhere, either at a different website or at a brick-and-mortar store. They are also free to do their research and determine whether the shipping and handling charges appear congruent with the actual costs of shipping and handling. For example, they can compare shipping and handling charges at other online merchants or, as Reider suggests in his FAC, calculate shipping and delivery costs using online calculators available through sources such as the U.S. Postal Service. (*See id.* ¶ 33.) Online shoppers are aware that online merchants are in the business of making money and generating profit, and those looking for the best deals will find their way to the merchants who offer the best combination of quality, price, and service. How a merchant makes its profit, whether it is through the sale of products or through the delivery of those products, is of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-26-JLS-DFMx                                    Date: April 21, 2017
Title:  Jim Reider v. Electrolux Home Care Products, Inc.

no direct concern to the customer who is simply looking for the best product at the best price, along with the convenience of having that product arrive at the front door.[3]

### B. CLRA Claim

The CLRA proscribes certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods." Cal. Civ. Code § 1770. Reider claims that Electrolux engaged in two kinds of proscribed conduct: (1) advertising goods or services with intent not to sell them as advertised, Cal. Civ. Code § 1770(a)(9); and (2) representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, Cal. Civ. Code § 1770(a)(14). (FAC ¶ 49.) Specifically, Reider claims that Electrolux violated Section 1770(a)(9) because Electrolux represented that its shipping and handling charges are reasonably related to its actual costs of shipping, (*id.* ¶ 50), and Electrolux violated Section 1770(a)(14) because its practices violate established ethical standards, (*id.* ¶ 51.)

Like UCL claims, CLRA claims are also evaluated from the perspective of the "reasonable consumer." *Reid*, 780 F.3d at 958. Here, Reider fails to identify any representation made by Electrolux that its shipping and handling charges are reasonably related to its actual shipping costs. Nor does Reider identify any representation by Electrolux that its shipping and handling charges confer or involve rights, remedies, or obligations which they do not have or involve, or which are prohibited by law. All that is alleged is that Electrolux offered three choices of shipping and handling to Reider, that

---

[3] Perhaps the best analogy is the one made in *Searle*. The hotel room guest knows he could buy the $3 minibar candy for less at a neighborhood store. Perhaps he pays the high price so he can stay in his comfortable robe and enjoy the high-priced, in-room movie. In any event, "[t]he minibar patron, like the room service patron, is given both clear notice the service being offered comes at a hefty premium and the freedom to decline the service." *Searle*, 102 Cal. App. 4th at 1334.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-26-JLS-DFMx                               Date: April 21, 2017
Title:  Jim Reider v. Electrolux Home Care Products, Inc.

Reider selected the $7.99 option, and that Reider was actually charged $7.99 for shipping and handling.  (FAC ¶¶ 11, 32.)

Reider points to statements made in the DMA publications and asserts that the use of the word "shipping" by Electrolux in the course of its sale to Reider was sufficient to constitute a representation that any charge would be reasonably related to actual shipping costs.  (Opp. at 25.)  Leaving aside that Electrolux was charging for shipping "and handling," the statements made in the DMA publications are DMA's and cannot be attributed to Electrolux solely on the grounds that Electrolux is a direct marketer.  Moreover, the DMA guidelines advise direct marketers on how the DMA believes online merchants *should* determine their shipping and handling fees.  (*See* FAC ¶¶ 17, 20, 22–24, 26.)  The guidelines are not mandatory directives that bind its members.  Additionally, the DMA notes in its current guidelines that "[s]ome marketers take the position that so long as there is clear disclosure on how much the consumer pays in total for the shipped product, the amount the marketer charges for shipping and handling should not matter."  (*Id.* ¶ 26.)  A reasonable consumer would take this language into account when evaluating the DMA's guidelines and the shipping and handling fees charged by online merchants.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS Electrolux's Motion.  Although it appears to the Court that amendment is futile, if Reider believes he can amend his complaint to state a valid claim, he may do so **within 21 days** of the date of this Order.

Initials of Preparer:  tg